IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FAUSTINO ORTIZ-MARTINEZ, on behalf of himself and all other Plaintiffs similarly situated, known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>C. LAKE, INC., an Illinois corporation, d/b/a C-LAKE, INC. and ROSATI'S PIZZA OF CRYSTAL LAKE, and NILOFER DAMANI, an individual, a/k/a NELOFER DAMANI,<br><br>Defendants. | CASE NO.<br><br><br><br><br><br><br><br>JURY DEMAND |

## COMPLAINT

Plaintiff, Faustino Ortiz-Martinez ("Plaintiff" or "Ortiz-Martinez"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, and by and through his attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, complains against Defendants, C. Lake, Inc., d/b/a C-Lake, Inc. and Rosati's of Crystal Lake ("Rosati's of Crystal Lake"), and Nilofer Damani ("Damani"), a/k/a Nelofer Damani, as follows:

### Nature of the Suit

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL") for Defendants' failure to pay Plaintiff, and other similarly situated employees, their overtime pay. Plaintiff, and other employees, worked more than 40 hours in individual work weeks and were not paid overtime compensation by Defendants. This case is brought as a collective action under

29 U.S.C. § 216(b). Plaintiff's consent form to act as representative party is attached as Exhibit A.

## Jurisdiction and Venue

2. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b) because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## The Parties

4. Plaintiff worked for Defendants as a cook until February 2015. Plaintiff was employed by Defendants for more than 20 years. He resides in and is domiciled within this judicial district.

5. Defendant Rosati's of Crystal Lake is an Illinois corporation doing business as a Rosati's restaurant within this judicial district. The corporate officers and registered agent for Defendant Rosati's of Crystal Lake are also located within this judicial district.

6. Upon information and belief, Defendant Damani is the owner of Defendant Rosati's of Crystal Lake. Damani is also the president and secretary for the company. Upon information and belief, she resides in and is domiciled within this judicial district.

## Common Allegations

7. Plaintiff and other employees employed by Defendants were directed to work, and did work, more than 40 hours per week.

8. Defendants did not compensate Plaintiff and other employees at one and one-half times their regular hourly rate of pay for hours worked in excess of 40 in individual work weeks.

9. Plaintiff worked approximately 92 hours per week through March 2014. Thereafter, Plaintiff worked approximately 74 hours per week.

10. Plaintiff's regular hourly rates of pay were $11.00 and $11.25.

11. Defendants paid weekly wages to Plaintiff in cash based on the number of hours he worked. Upon information and belief, Defendants did not make required agency withholding deposits.

12. Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a work week.

13. Defendant Rosati's of Crystal Lake employs more than one person for hire and pays wages to such employees.

14. Upon information and belief, Defendant Rosati's of Crystal Lake earned more than $500,000 in annual gross revenue during all relevant years.

15. Defendants' employees, including Plaintiff, have regularly handled, sold or otherwise worked on goods and materials that have been moved or produced for interstate commerce, including, but not limited to, food products and supplies.

16. Defendant Damani possessed the authority to hire and fire Defendants' employees, supervised and controlled employee work schedules or conditions of employment, determined rate and method of payment, and maintained employment records.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

17. Plaintiff hereby incorporates paragraphs 1 through 16 as though stated herein.

18. Plaintiff is an "employee" under the FLSA, 29 U.S.C. § 203(e)(1), and Plaintiff is not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

19. During the course of Plaintiff's employment, Defendants employed other employees who were similarly not exempt from the overtime wage provisions of the FLSA.

20. At all times relevant, Defendants have each been an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

21. Defendant Rosati's of Crystal Lake is an enterprise within the meaning of the FLSA, 29 U.S.C. § (r)(1), and has operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

22. Under 29 U.S.C. § 207, for all weeks during which Plaintiff and other employees worked more 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

23. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

24. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants paid Plaintiff's wages in cash in order to avoid reporting employee work time and their own failure to pay employees their overtime wages. Upon information and belief, Defendants' cash wage payments were not reported to the appropriate federal and state agencies.

**WHEREFORE**, the Plaintiff, Faustino Ortiz-Martinez, on behalf of himself and all other similarly situated, known and unknown, prays for a judgment against Defendants, C. Lake, Inc., d/b/a C-Lake, Inc. and Rosati's of Crystal Lake, and Nilofer Damani, a/k/a Nelofer Damani, as follows:

    A.    Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

25. Plaintiff hereby incorporates paragraphs 1 through 16 as though stated herein.

26. Plaintiff is an "employee" under the IMWL, 820 ILCS § 105/3(d), and is not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

27. During the course of Plaintiff's employment, Defendants employed other employees who were similarly not exempt from the overtime wage provisions of the IMWL.

28. At all times relevant, Defendants have each been an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

29. Under 820 ILCS § 105/4(a), for all weeks during which Plaintiff and employees worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

30. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Faustino Ortiz-Martinez, on behalf of himself and all other similarly situated, known and unknown, prays for a judgment against Defendants, C. Lake, Inc., d/b/a C-Lake, Inc. and Rosati's of Crystal Lake, and Nilofer Damani, a/k/a Nelofer Damani, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relied as this Court deems appropriate and just.

Dated: February 12, 2015

Respectfully submitted,
Faustino Ortiz-Martinez, on behalf of himself and all other Plaintiffs similarly situated, known and unknown,

/s/ Nicholas P. Cholis
_____
One of Plaintiff's Attorneys

Timothy M. Nolan
IL ARDC No. 6194416
Nicholas P. Cholis
IL ARDC No. 6292556
Nolan Law Office
Attorneys for Plaintiff
53 West Jackson Blvd. #1137
Chicago, Illinois 60604
Tele (312) 322-1100
Fax (312) 322-1106
tmnolanlaw@sbcglobal.net
n.cholis.nolanlaw@sbcglobal.net