Case: 1:15-cv-01353 Document #: 52-1 Filed: 11/12/15 Page 1 of 9 PageID #:341



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **FAUSTINO ORTIZ-MARTINEZ**, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, | |
| Plaintiff, | Case No. 15-cv-01353 |
| v. | Honorable John W. Darrah, District Judge |
| **C. LAKE, INC.**, an Illinois corporation, d/b/a C LAKE, INC., C-LAKE, INC., and ROSATI'S OF CRYSTAL LAKE, **NILOFER DAMANI**, an individual, a/k/a NELOFER DAMANI, and **ASIF DAMANI**, an individual, | Honorable Susan E. Cox, Magistrate Judge |
| Defendants. | |

## CONSENT DECREE

### THE LITIGATION

1. On February 12, 2015, Plaintiff, Faustino Ortiz-Martinez, filed his Complaint against the Defendants, C. Lake, Inc. d/b/a Rosati's of Crystal Lake and Nilofer Damani. The Complaint contained two counts under Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.* for maximum hours violations (the "Litigation"). Subsequently, on April 30, 2015, Plaintiff filed his First Amended Complaint against Defendants which stated the same counts under the FLSA and IMWL and also added Asif Damani as an individual Defendant. Mr. Damani is not a party to this Consent Decree.

2. On October 21, 2015, Plaintiff filed a motion for summary judgment on all counts against Defendants, C. Lake, Inc. d/b/a Rosati's of Crystal Lake and Nilofer Damani.

Following Plaintiff's filing of the motion, the parties reached an agreement to resolve this action through the entry of a Consent Decree.

3. To that end, Defendants acknowledge and admit that they violated the maximum hours requirements of the FLSA and IMWL and that Plaintiff is entitled to receive the Monetary Relief, including costs, identified in Paragraphs 6 and 7. The parties further stipulate and agree that Plaintiff's award of attorneys' fees should be resolved by the entry of this Consent Decree and the Court's evaluation of a fee motion to be filed by Plaintiff under Local Rule 54.3 of the Northern District of Illinois. This Decree fully and finally resolves any and all claims arising out of the Complaints filed by Plaintiff.

4. The resolution or settlement of this matter is expressly contingent upon this Court's entry of the Consent Decree. In the event that the Court declines to enter the Decree for any reason, nothing in this Decree (or any related filing, motion, or correspondence) shall bar Plaintiff from seeking full relief and damages including, but not limited to, the entry of a civil judgment against the Defendants and requesting leave to file a motion for reasonable attorneys' fees and costs.

## **JUDICIAL FINDINGS**

5. Having examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

    A. This Court has subject matter jurisdiction of this action and of the parties in this case;

    B. The terms of this Decree are adequate, reasonable, equitable, and just. Furthermore, the rights of the parties are adequately protected by this Decree; and

    C.      The Decree conforms with the Federal Rules of Civil Procedure and the Fair Labor Standards Act, and is not in derogation of the rights and privileges of any person. Furthermore, the entry of this Consent Decree will further the objectives of the Fair Labor Standards Act and is in the best interests of the parties.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

**<u>MONETARY RELIEF</u>**

6.     Defendants, C. Lake, Inc. d/b/a Rosati's of Crystal Lake and Nilofer Damani, shall pay total monetary relief, including litigation costs, of $89,714.27 to Plaintiff and his attorneys as follows: $19,714.27 within thirty (30) days of the entry of Consent Decree; $30,000 by January 30, 2016; $15,000 by March 1, 2016; $15,000 by May 1, 2016; and $10,000 by July 1, 2016.

7.     Payment shall be made by delivering checks to Plaintiff's attorneys' office on or before the payment deadline date and addressed to the payee in the amounts set forth below:

| Payment Deadline | Faustino Ortiz-Martinez | Nolan Law Office |
| --- | --- | --- |
| 30th day after entry of Consent Decree | $11,250.00 | $3,750.00<br>$4,714.27 (costs) |
| January 30, 2016 | $22,500.00 | $7,500.00 |
| March 1, 2016 | $11,250.00 | $3,750.00 |
| May 1, 2016 | $11,250.00 | $3,750.00 |
| July 1, 2016 | $7,500.00 | $2,500.00 |

8.     Employer shall issue separate Form 1099s to payees, Faustino Ortiz-Martinez and the Nolan Law Office, for each calendar year in which payments are made.

3

### ATTORNEYS' FEES UNDER LOCAL RULE 54.3

9. The parties agree, and this Court finds, that Plaintiff is the "prevailing party" under 29 U.S.C. § 216(b) and 820 ILCS § 105/12a.

10. Accordingly, Plaintiff is granted leave to file a motion for an award of reasonable attorneys' fees under Local Rule 54.3 of the Northern District of Illinois and Rule 54 of the Federal Rules of Civil Procedure following the entry of this Consent Decree.

### PERSONAL GUARANTEE BY NILOFER DAMANI

11. As and for additional consideration, and to ensure punctual payments and performance by Defendants, Defendant Nilofer Damani individually and personally guarantees and promises to pay Plaintiff all payments required under this Consent Decree including full payment of the Monetary Relief and full payment of all attorneys' fees awarded.

### DURATION OF DECREE AND RETENTION OF JURISDICTION

12. This Court retains jurisdiction to enforce the terms of the Consent Decree pending full payment of all Monetary Relief in Paragraphs 6 and 7 and the full payment of Plaintiff's award of attorneys' fees in an amount to be determined pursuant to Paragraph 10. To that end, the Consent Decree shall remain in full force and effect for one (1) year following the entry of this Decree. Notwithstanding the above, any party to this Consent Decree may extend the term of the Decree by filing a motion with the Court (whether in that party's individual capacity or by agreement). Alternatively, the Decree may be terminated at an earlier date upon this Court's signing and execution of the stipulation of dismissal with prejudice following the receipt of all payments due and owing under this Consent Decree, including Defendants' payment of Plaintiff's award of attorneys' fees.

### GENERAL RELEASE, DISMISSAL OF SUIT, COVENANT NOT TO SUE

4

13. In consideration for and expressly subject to the receipt of all payments identified as Monetary Relief in Paragraphs 6 and 7 and Plaintiff's subsequent award of attorneys' fees, Plaintiff hereby waives and releases Defendants, C. Lake, Inc. d/b/a Rosati's of Crystal Lake and Nilofer Damani, and their owners, directors, officers, shareholders, managers, representatives, heirs, and agents, from any and all liability, claims and causes of action arising out of any fact or occurrence which occurred prior to the entry of this Consent Decree, including, but not limited to:

    A. Any and all claims asserted in this Litigation;

    B. Any and all claims asserting Defendants are in any way obligated for any reason to pay Plaintiff damages, expenses, litigation costs including attorneys' fees, wages, bonuses, compensation, overtime, benefits, expense reimbursement, vacation pay and sick pay, compensatory damages, punitive damages, liquidated damages and/or interest including, but not limited to any claims under the FLSA, the IMWL, the Illinois Wage Payment and Collection Act, or under any other federal, state or local statute, ordinance, law, regulation or order; and/or

    C. Any and all claims arising under any and all other federal, state, municipal or local statutes, laws, constitutions, ordinances, executive orders and/or regulations.

14. Within ten (10) days of the receipt of all payments of Monetary Relief as required in Paragraphs 6 and 7 and full payment of Plaintiff's award of attorneys' fees in an amount to be determined pursuant to Paragraph 10, Plaintiff shall file with the Clerk for the United States District Court a stipulation of dismissal of this action with prejudice.

15.     Furthermore, Plaintiff covenants and agrees not to file or commence any claim, action, or proceeding regarding the claims and matters resolved in this Consent Decree and, further, that this Consent Decree shall be a bar to any such claim, action, or proceeding; provided, however, any party to this Consent Decree may file the appropriate motion or initiate an action to enforce the Decree, and the prevailing party in any such action shall recover reasonable attorney's fees, costs and expenses incurred in such action from the non-prevailing party.

## DEFAULT AND ENFORCEMENT OF CONSENT DECREE

16.     The Parties stipulate that in the event of a default of any of the payment obligations related to Monetary Relief in Paragraphs 6 and 7 or the payment of attorneys' fees in an amount to be determined under Paragraph 10, Plaintiff may enforce this Consent Decree before the Honorable Judge John W. Darrah, or any judge sitting in his place in the United States District Court for the Northern District of Illinois after two conditions are met: first, following Defendants' default of any payment obligation under this Consent Decree, Plaintiff must serve Defendants' counsel, William P. Petsche and Samuel Melei, RothMelei, 454 W. Virginia St., Crystal Lake, IL 60014 with a written notice of default. Secondly, Defendants must fail to cure the default within ten (10) days of receiving the written notice of default.

17.     The parties further stipulate that in the event Plaintiff initiates any such enforcement action or proceeding, Plaintiff shall be entitled to the entry of a judgment in favor of Plaintiff and against Defendants, C. Lake, Inc. d/b/a Rosati's of Crystal Lake and Nilofer Damani, for (1) Monetary Relief in the amount of $89,714.27 in addition to any attorneys' fees awarded to Plaintiff under this Consent Decree, less any amounts already paid by Defendants, and (2) damages in excess of those addressed in this Consent Decree, including but not limited

to, attorneys' fees incurred in connection with the Litigation if such fees have not yet been awarded at the time of default provided Plaintiff proves that such fees are reasonable following the entry of judgment herein. It is further understood and agreed, that in the event that Plaintiff files an action or proceeding to enforce the Consent Decree, Plaintiff shall also be entitled to recover his reasonable attorneys' fees, costs or expenses incurred in such action or proceeding.

### LIMITATIONS ON SALE, TRANSFER AND DISPOSITION OF C. LAKE

18. The parties understand and agree that unless and until all payments required under this Consent Decree have been paid and satisfied including full payment of the Monetary Relief in Paragraphs 6 and 7 and full payment of all attorneys' fees awarded under this Consent Decree, and until such time as this Court enters an order dismissing this matter with prejudice, Defendants shall not engage in any of the following:

    A. Selling, transferring, assigning, pledging, or disposing of any of the shares of C. Lake, Inc., and refraining from issuing any new shares of the corporation;

    B. Merging or combining C. Lake, Inc., or the business of C. Lake, Inc., specifically Rosati's of Crystal Lake, with any other business, joint venture, corporation, partnership, or entity; and/or

    C. Effectuating any material change in the ownership, management, or financial condition of C. Lake, Inc.

### NON-DISPARAGEMENT AND CONFIDENTIALITY

19. The parties mutually agree not to disparage one another and upon any receiving any inquiries, to inform third-parties that the Litigation has been resolved to the mutual satisfaction of the parties.

20. It is further understood and agreed that, except as required by law, Plaintiff will keep strictly and entirely confidential and not disclose, directly or indirectly, any of the terms or conditions of this Consent Decree, any related negotiations, or the amount or nature of any consideration paid (either specifically or as a range), except as necessary to accountants, tax preparers, attorneys and immediate family, and in the case of Defendant corporations, their officers, directors, shareholders, agents, and managers, provided that the parties inform those entities and/or individuals of this provision requiring confidentiality and they agree to be bound by its terms.

## MISCELLENAEOUS PROVISIONS

21. The terms of this Consent Decree shall be binding upon the present and future directors, officers, shareholders, managers, successors, agents, representatives, heirs and assigns of Defendants, C. Lake, Inc. d/b/a Rosati's of Crystal Lake and Nilofer Damani.

22. If any provisions of this Decree are found to be unlawful, only such provisions shall be severed and the remainder of the Decree shall remain in full force and effect.

23. The terms of this Consent Decree are the product of joint negotiation and are not to be construed as having been authored by one party or another.

24. Each party acknowledges that it has been represented by counsel and had the opportunity to consult counsel in connection with the Consent Decree and that the party has read, understands and intends to be bound by this Consent Decree and all its terms and conditions.

25. The persons executing this Consent Decree on behalf of the parties to this Litigation represent and warrant that they have expressly received all necessary power and authority to do so.

26. This Consent Decree shall be governed by the laws of the State of Illinois.

Personal Guarantee:

_____
Nilofer Damani

For Plaintiff, Faustino Ortiz-Martinez

For Defendants, C. Lake, Inc. and Nilofer Damani

/s/ Timothy M. Nolan

Timothy M. Nolan, Lead Attorney
Nicholas P. Cholis
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Telephone: (312) 322-1100
Facsimile: (312) 322-1106
Email: tmnolanlaw@sbcglobal.net

/s/ William P. Petsche

William P. Petsche, Lead Attorney
Samuel Melei
ROTHMELEI
454 W. Virginia St.
Crystal Lake, IL
Telephone: (815) 356-8000
Facsimile: (815) 356-8025
Email: will@rmthelaw.com

ENTER:

_____
The Honorable Judge John W. Darrah
United States District Judge

DATE:

11-18-15